**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-CR-25-TCK |
| | ) | |
| **RICHARD JAY JOHNSON,** | ) | Civil No. 09-CV-252-TCK-FHM |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 36) ("§ 2255 Motion") filed by Defendant Richard Ray Johnson ("Defendant"). In his § 2255 Motion, Defendant prays only for the following relief:

> A) [that Defendant's] restitution order be set off by the amount of Summary Judgment, $290,000 (as per 18 USC 3664(j)(2)(B)[;]
> B) [that the Court] [c]orrect original amount to $291,656.70 less 10%[; and]
> C) [the the Court impose a] [n]ew Restitution order of $1,656.70 less 10%[.]

(§ 2255 Order at 11.) Defendant contends that the restitution ordered by this Court must be set off and amended based upon a civil judgment entered against him in *Johnson Transportation v. Johnson, et al.*, CJ-2004-6497 (Tulsa County District Court) on November 19, 2007. Defendant does not claim any right to be released from custody.

Defendant's § 2255 Motion must be dismissed for lack of subject matter jurisdiction. 28 U.S.C. § 2255 provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Tenth Circuit has concluded, based on this language, that a defendant may not challenge a restitution award in a § 2255 Motion. *United States v. Satterfield*, 218 Fed. Appx. 794, 796 (10th Cir. 2007) (citing *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir.2003)) (holding that the defendant could not "challenge the amount of restitution awarded by way of a § 2255 motion" because "he [was] not 'claiming the right to be released' from custody based on his claim); *United States v. Papa*, 97 Fed. Appx. 848, 851 (10th Cir. 2004) (same); *United States v. Johnson*, No. CR-008-222-M, 2010 WL 3749396, at * 1-2 (W.D. Okla. Sept. 21, 2010) (same). This is true even if such claim is combined with other claims requesting a release from custody. *See Satterfield*, 218 Fed. Appx. at 795-96 (affirming district court's dismissal of claim for reduction of restitution and substantive rejection of remaining claims). In this case, Defendant is solely challenging the amount of restitution awarded, and the Court lacks subject matter jurisdiction over this request. *See id.* (affirming dismissal based on lack of subject matter jurisdiction).

Defendant's § 2255 Motion (Doc. 36) is DISMISSED for lack of subject matter jurisdiction.[1]

SO ORDERED this 23rd day of August, 2012.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE

---

[1] The United States did not challenge the Court's jurisdiction over the § 2255 Motion. Instead, the United States challenged the timeliness of the motion. Nonetheless, the Court must address jurisdictional issues sua sponte.